PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA M. MALESKI, *et al.*, | ) | |
| | ) | CASE NO.  4:26CV1896 |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| LOWELLVILLE LOCAL SCHOOLS, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 1-2 and 2] |

Christina M. Maleski and Harold Maleski (the "Maleskis"), proceeding *pro se*, have filed

a Complaint (ECF No. 1) in the above-entitled action on behalf of P.M., a minor student, seeking

a Temporary Restraining Order and Preliminary Injunction against Defendant Lowellville Local

Schools.  The Maleskis claim the minor student "faces immediate, unlawful  exclusion from

school" as a result of Defendant unilaterally revoking P.M.'s enrollment after they "filed a formal

state due process complaint to challenge a newly proposed IEP."  ECF No 1 at PageID #: 3; *see*

*also* Cover Letter (ECF No. 1-2 at Page ID #: 8).  They seek an "immediate Temporary

Restraining Order enjoining Defendant from locking the student out of school, ordering

Defendant to reinstate the student's enrollment, and compelling Defendant to implement the

student's last agreed-upon IEP."  Plaintiffs' Emergency Motion for a Temporary Restraining

Order and Preliminary Injunction for Stay-Put Enforcement (ECF No. 1-2 at Page ID #: 9).  The

Maleskis also filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2).

The Court finds, however, that as filed, the Complaint (ECF No. 1) must be dismissed.

(4:26CV1896)

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (brackets in original; citation omitted).   Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* (citation omitted).

"The rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576 Fed.Appx. 594, 595 (6th Cir.2014) (per curiam)); *see also Grappell v. Carvalho*, 847 Fed.Appx. 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents") (internal quotation marks and citation omitted).

Here, the Maleskis do not represent that they are attorneys and indicate they bring this action *pro se*, on behalf of a minor student.  In such a situation, dismissal without prejudice is proper.  *See Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016) ("[P]arents cannot appear pro se on behalf of their minor children . . . [t]hus the district court should have dismissed [claims brought *pro se* by a parent on behalf of her minor son] without prejudice") (internal quotation marks and citation omitted); *see also E.B. by and through Bawidamann v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-255, 2021 WL 4321146

(4:26CV1896)

(S.D. Ohio Sept. 23, 2021) (citing cases and dismissing *pro se* action against a school district brought by a plaintiff on behalf of a minor child without prejudice to re-filing by an attorney).

Accordingly, this action is dismissed without prejudice to its claims being re-filed in a new case by an attorney. The pending motions filed in the case (ECF Nos. 1-2 and 2) are denied as moot, and this case is terminated. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  August 13, 2026   
Date

  */s/ Benita Y. Pearson*   
Benita Y. Pearson
United States District Judge

3